IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

HAMID REZA BAYAT,                            §
                                             §
        *Petitioner*,                        §
                                             §
v.                                           §
                                             §
BRET BRADFORD, Field Office Director of      §
Enforcement and Removal Operations,          §        CIVIL ACTION NO. 9:25-CV-00325
Houston Field Office, Immigration and        §        JUDGE MICHAEL J. TRUNCALE
Customs Enforcement; KRISTI NOEM,            §
Secretary, U.S. Department of Homeland       §
Security; U.S. DEPARTMENT OF                 §
HOMELAND SECURITY; PAMELA                    §
BONDI, U.S. Attorney General;                §
EXECUTIVE OFFICE FOR                         §
IMMIGRATION REVIEW; ALEXANDER                §
SANCHEZ, Warden of IAH Polk Adult            §
Detention Facility,                          §
                                             §
        *Respondents*.                       §

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Hamid Reza Bayat's Petition for Writ of Habeas Corpus (the

"Petition") [Dkt. 1]. For the following reasons, the Motion is **DENIED**.

**I. BACKGROUND**

Petitioner Hamid Reza Bayat ("Bayat") is an Iranian national who first entered the United

States over forty-five years ago. [Dkt. 1 at 1]. On November 15, 2002 Bayat was ordered removed

but granted withholding of removal from Iran. *Id.* at 6. On June 20, 2025, United States

Immigration and Customs Enforcement ("ICE") arrested Bayat. *Id.*

On December 8, 2025, Bayat brought a habeas corpus petition, claiming (1) a violation of

the Fifth Amendment's Due Process Clause because of his prolonged detention, and (2) a violation

of the Immigration and Nationality Act because his removal is not reasonably foreseeable. [Dkt. 1

1

at 9].

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

Bayat filed two claims with his petition: (1) a violation of the Fifth Amendment's due process clause because of his prolonged detention, and (2) a violation of the Immigration and Nationality Act because his removal is not reasonably foreseeable. [Dkt. 1 at 9].

*Zadvydas v. Davis* provides that aliens pending removal pursuant to 8 U.S.C. § 1231 cannot be detained indefinitely. 533 U.S. 678, 699 (2001). "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* Courts "must ask whether the detention in question exceeds a period reasonably necessary to secure removal," considering "the greater immigration-related expertise of the Executive Branch," "the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute," and "the Nation's need to 'speak with one voice' in immigration matters." *Id.* at 700.

As guidance, the Supreme Court assumed a "presumptively reasonable period of detention" of six months. *Id.* at 700–01. After this six month period has elapsed, the alien has the burden of demonstrating "good reason to believe that there is no significant likelihood of removal in the

2

reasonably near future." *Id.* at 701. When those six months begin is an important question on which there is no consensus. Some district courts have assumed "that *Zadvydas*' six month period does not reset when the government detains someone, releases him from detention, and then re-detains him again." *Surovtsev v. Noem,* No. 1:25-CV-160-H, 2025 WL 3264479, at *7 (N.D. Tex. Oct. 31, 2025) (Hendrix, J.) (quoting *Nguyen v. Scott*, --- F.Supp.3d ---, 2025 WL 2419288, at *13 (W.D. Wash. Aug. 21, 2025)) (cleaned up). Other district courts have disagreed. *Guerra-Castro v. Parra*, No. 1:25-CV-22487, 2025 WL 1984300 (S.D. Fla. July 17, 2025); *Thai v. Hyde*, 788 F.Supp.3d 57 (D. Mass. 2025); *Meskini v. Att'y Gen. of United States*, No. 4:14-CV-42, 2018 WL 1321576 (M.D. Ga. Mar. 14, 2018).

As an initial matter, the Court is not persuaded that the six month clock is incapable of resetting after re-detention. Bayat appears to conclude the six month period ended in May 2003, six months after the November 2002 removal order. [Dkt. 1 at 7–8]. At present, Bayat has been detained for less than six months and admits as much in his Petition. [Dkt. 1 at 2]. He still has the burden of challenging his detention. *Zadvydas*, 533 U.S. at 701.

To carry that burden, Bayat relies on the past to show the future. In the twenty-three years since he was ordered removed, "[the Department of Homeland Security] has failed to identify or propose a viable third country alternative for removal." [Dkt. 1 at 1]. Bayat simply asserts that there has been "no change in circumstances." *Id.* at 3. This presents two issues: timing and lack of proceedings.

On the first issue, other courts have recognized "the lack of prior third-country removal might be salient where 'there is presently no country in the world willing to accept the petitioner.'" *Surovtsev*, 2025 WL 3264479 at *8 (quoting *Munoz-Saucedo v. Pittman*, 789 F.Supp.3d 387, 399 (D.N.J. 2025)). Bayat does not make such an assertion. Moreover, he fails to consider how foreign

policy—which is firmly within the domain of the Executive—has changed: "the new administration [has effected] a well-known sea change in the area of third-country removals." *Id.* "In essence, turning back the clock to what could have been done before January 20, 2025 would forever bind the administration to the conduct of past administrations." *Id.*

Now for the second point: that ICE has not initiated any proceedings necessary to remove Bayat. This bare assertion, especially given that the six-month period has not elapsed, is not enough to show his removal is not reasonably foreseeable for purposes of either his Fifth Amendment claim or his 8 U.S.C. § 1231 argument. He therefore has failed to carry his burden under *Zadvydas*.

## IV. CONCLUSION

Because Bayat has failed to demonstrate by a preponderance of the evidence that his detention violates any federal law, he cannot obtain habeas relief under 28 U.S.C. § 2241(c)(3).

It is therefore **ORDERED** that Bayat's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 12th day of December, 2025.**

Michael J. Truncale
United States District Judge

4